Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

March 19, 2025

Ravi Subramanian, Clerk

By _____ Deputy

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

JENNI YOON JEONG LEE,

Defendant.

NO. CR25-039 RSM

**INDICTMENT**

The Grand Jury charges that:

### COUNTS 1-3

### (Wire Fraud)

**Introduction**

1. Defendant JENNI YOON JEONG LEE is a resident of Federal Way, Washington. LEE represents herself as a financial advisor, portraying herself as someone with the qualifications and credentials to assist individuals with their investment accounts. However, while LEE has previously brokered insurance products, she does not have any licensures, credentials, or legitimate past employment as an investment advisor.

2. LEE solicits investments, primarily from members of the local Korean community. Many of the victims are above the age of 65 and trust LEE because of their

Indictment - 1
United States v. Lee
USAO No. 2024R00210

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

shared family, friends, or church community. Several of the victims have limited English proficiency.

3.    As discussed below, LEE fraudulently obtained victim clients' money and property by falsely telling them that their funds would be placed into investment accounts that provided guaranteed returns. In some instances, LEE directed the victim clients to send their funds – through written checks or wire transfers – into accounts of business entities that she purported to work for, or otherwise recommended as good investment opportunities. These entities were actually shell companies that LEE created and whose bank accounts she controlled. In other instances, LEE directed her clients to create an account with one or more legitimate financial services entities, and to give LEE authority to manage their funds. LEE then transferred her victim clients' funds into accounts LEE controlled. LEE did not invest her victim clients' funds as promised. Instead, she used the money for her or her family's personal use, or to pay off other victims to maintain and perpetuate the scheme.

**Scheme to Defraud**

4.    Beginning at a time unknown, and continuing through March 19, 2025, in King County, within the Western District of Washington, and elsewhere, JENNI YOON JEONG LEE, with intent to defraud, knowingly devised a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

**Manner and Means**

5.    ***LEE's Fraudulent Business Entities:***  LEE created at least four business entities using names intended to create the appearance that the entities were legitimate investment companies. In fact, the entities were shell companies with no legitimate operations.

6.    LEE incorporated each entity with the Washington Secretary of State. LEE is the registered governor of each entity. The entities include:

Indictment - 2
United States v. Lee
USAO No. 2024R00210

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. *Puget Sound Financial LLC.* LEE incorporated this entity in 2015, and then dissolved it in 2023. LEE listed a business address that belongs to a shared office space provider in Federal Way.

b. *Puget Sound Financial Group Inc.* LEE incorporated this entity in 2021, and the entity was administratively dissolved in 2023. LEE listed the same business address that she provided for Puget Sound Financial LLC.

c. *Evergreen Property Developments LLC.* LEE incorporated this entity in 2009, and then dissolved it in 2011. In 2018, LEE incorporated a second entity using this name. This entity remains active. LEE listed the governor as Yoon Lee, another name used by LEE. As the business address, LEE provided the address of a business owned by a family member.

d. *Global Atlantic Financial LLC.* LEE incorporated this entity in 2017 and listed the same Federal Way address she used for Puget Sound Financial LLC and Puget Sound Financial Group LLC. This entity was administratively dissolved October 2024.

7. LEE opened, and maintained control over, bank accounts for these shell entities.

8. **Lee's Fraudulent Solicitations:** LEE informed her victim clients that she was a financial advisor employed at one of her shell companies. LEE portrayed the entities as sound investment companies. LEE did not disclose to her victim clients that she created and owned these entities. LEE provided paperwork to some of her victim clients to portray these businesses as legitimate investment entities.

9. LEE represented to her victim clients, orally and in written contracts, that she would place their money in investments that would provide safe and guaranteed investment returns. LEE sometimes guaranteed returns as high as 10%. LEE often represented that the principal investment was fully guaranteed and there was no risk associated with the investment.

10. Once LEE secured a victim client, she generally advised them to invest their money in one of two ways: 1) by making a payment directly to one of LEE's shell

Indictment - 3
*United States v. Lee*
USAO No. 2024R00210

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

companies, for example, by writing and providing to LEE a check payable to Global Atlantic Financial or another LEE-created entity, or 2) by creating and funding an account at a legitimate financial services company that provides self-directed IRA funds and giving LEE access to manage the account. LEE gained access to the funds of numerous victim clients by both means.

11. With respect to the funds that victim clients paid directly to one of LEE's business entities, LEE deposited the funds into the shell companies' bank accounts, providing LEE immediate access to the funds.

12. For victim funds that were placed in legitimate self-directed IRA accounts, LEE, without the victim client's knowledge or consent, used her access to these accounts to remove the funds from the accounts.

13. To make the transfers appear legitimate to the financial services companies operating the self-directed IRA accounts, LEE prepared and provided those entities promissory notes that made it appear that the victim was loaning money to one of LEE's shell entities. LEE often convinced victims to sign the notes without explaining the purpose or effect of the note. In some instances, LEE provided the financial institutions with notes that lacked any signatures. LEE then transferred the funds to bank accounts she controlled.

14. ***Lee's Misuse of Victim Funds:*** LEE did not invest her victims' funds in legitimate investment accounts as she had promised. Instead, LEE used her victim clients' funds for her own personal use, that of her immediate family, or to pay off other investors to maintain and perpetuate the scheme.

15. LEE repeated versions of this scheme on at least 28 victim clients. Through this scheme LEE fraudulently obtained over $3 million and, subtracting some money paid or returned to various clients, caused an actual loss of at least $2.2 million.

16. Since 2015, LEE has spent or withdrawn more than $900,000 of these funds at local casinos.

Indictment - 4
*United States v. Lee*
USAO No. 2024R00210

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Execution of Scheme and Artifice to Defraud**

17. On or about the dates set forth in the table below, in King County, within the Western District of Washington, and elsewhere, LEE, for the purpose of executing this scheme and artifice to defraud, did knowingly cause to be transmitted by wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, each transmission of which constitutes a separate count of this Indictment:

| COUNT | DATE | WIRE TRANSMISSION |
|---|---|---|
| 1 | 1/14/2021 | A transfer of $36,000 from the self-directed IRA account of victim M.K., by means of a wire signal originating in the Western District of Washington and traveling to Global Atlantic's account at Wells Fargo Bank, whose servers are located outside the State of Washington. |
| 2 | 1/15/2021 | A transfer of $38,000 from the self-directed IRA account of victim J.K., by means of a wire signal originating in the Western District of Washington and traveling to Global Atlantic's account at Wells Fargo Bank, whose servers are located outside the State of Washington. |
| 3 | 12/02/2021 | A transfer of $190,000 from the self-directed IRA account of victim Y.H.T., by means of a wire signal originating in the Western District of Washington and traveling to Global Atlantic's account at Wells Fargo Bank, whose servers are located outside the State of Washington. |

All in violation of Title 18, United States Code Sections 1343 and 2.

## COUNTS 4 – 5

### (Bank Fraud)

18. The Grand Jury incorporates the preceding paragraphs of this Indictment as if fully alleged herein.

19. Beginning at a time unknown, and continuing until March 19, 2025, in King County, within the Western District of Washington, and elsewhere, JENNI YOON JEONG LEE knowingly devised and executed a scheme and artifice to obtain monies, funds, and credits under the custody and control of financial institutions as defined in Title 18, United States Code, Section 20, including but not limited to UniBank and Bank

Indictment - 5
*United States v. Lee*
USAO No. 2024R00210

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of America, by means of materially false and fraudulent pretenses, representations, and promises, as further and more particularly set forth below.

20. The essence of the scheme to defraud is set forth in paragraphs 1 through 3 of the Indictment.

21. The manner and means include the allegations set forth in paragraphs 4 through 16 of the Indictment.

22. On or about the dates identified below, in King County, within the Western District of Washington, and elsewhere, for the purpose of executing and attempting to execute this scheme and artifice to obtain monies, funds, and credits under the custody and control of financial institutions as defined in Title 18, United States Code, Section 20, by means of materially false and fraudulent pretenses, representations and promises, LEE knowingly conducted and caused to be conducted the transactions set forth below, with each transaction constituting a separate count of this Indictment.

| COUNT | DATE | FINANCIAL INSTITUTION | TRANSACTION |
|---|---|---|---|
| 4 | 7/29/2021 | Unibank | Deposit of check #5011, from Unibank account of D.K. and A.K. ending in 3814, in the amount of $150,000 and payable to Global Atlantic Financial. |
| 5 | 10/23/23 | Bank of America | Deposit of check #3530, from Bank of America account of D.A. and A.A., ending in 6626, in the amount of $50,000 and payable to Global Atlantic Financial. |

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

**FORFEITURE ALLEGATION**

The allegations contained in Counts 1 through 5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.

Upon conviction of any of the offenses alleged in Counts 1 through 3, JENNI YOON JEONG LEE shall forfeit to the United States any property constituting, or

Indictment - 6
*United States v. Lee*
USAO No. 2024R00210

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

derived from, proceeds traceable to the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to a sum of money reflecting the proceeds Defendant obtained as a result of the offense.

Upon conviction of any of the offenses alleged in Counts 4 through 5, JENNI YOON JEONG LEE shall forfeit to the United States any property constituting, or derived from, proceeds Defendant obtained directly or indirectly as a result of the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), and includes but is not limited to a sum of money reflecting the proceeds Defendant obtained as a result of the offense.

//
//
//

Indictment - 7
*United States v. Lee*
USAO No. 2024R00210

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

|  |  |  |
|---|---|---|
| 1 | | **Substitute Assets.** If any of the above-described forfeitable property, as a result of any act or omission of the defendant, |
| 2 | | |
| 3 | a. | cannot be located upon the exercise of due diligence; |
| 4 | b. | has been transferred or sold to, or deposited with, a third party; |
| 5 | c. | has been placed beyond the jurisdiction of the Court; |
| 6 | d. | has been substantially diminished in value; or, |
| 7 | e. | has been commingled with other property which cannot be divided |
| 8 | | without difficulty, |

it is the intent of the United States to seek the forfeiture of any other property of the defendant, up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL: *yes*

DATED: 19 MARCH 2025

*Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States.*

_____
FOREPERSON

_____
TEAL LUTHY MILLER
Acting United States Attorney

_____
SETH WILKINSON
Assistant United States Attorney

_____
SEAN H. WAITE
Assistant United States Attorney

Indictment - 8
*United States v. Lee*
USAO No. 2024R00210

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970